**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Chorn,<br>Plaintiff,<br>v.<br>United States Postal Service,<br>Defendant. | No. CV-26-00461-TUC-JGZ<br>**ORDER** |

On September 8, 2026, Plaintiff Christopher Chorn, proceeding pro se, filed a Complaint against Defendant United States Postal Service ("USPS") for breach of contract. (Doc. 1.) Plaintiff has also filed an Application for Leave to Proceed In Forma Pauperis. (Doc. 2.) For the following reasons, the Court will grant Plaintiff's Application and direct the Clerk of Court to issue a summons as to Defendant USPS.

**I. Application to Proceed In Forma Pauperis**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); LRCiv 3.3. Here, Plaintiff reports that he is unemployed and receives $1,357 per month in Social Security Disability Insurance benefits. (Doc. 2 at 1.) Plaintiff also reports monthly expenses of $1,300, approximately $12.78 in cash or bank accounts, real property valued at $6,000, and a vehicle valued at $2,500. (Id. at 2.) Based on this information, the Court finds that Plaintiff has sufficiently demonstrated an inability to pay the filing fee while providing himself with the necessities of life. Accordingly, the Court will grant Plaintiff's

Application.

**II. Statutory Screening of IFP Complaint**

District courts must dismiss an action filed in forma pauperis if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive dismissal for failure to state a claim, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

When assessing the sufficiency of a complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the plaintiff, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are drawn in the plaintiff's favor. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). Pro se filings must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, the court will not accept as true conclusory legal allegations cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A. Complaint**

Plaintiff brings this action against USPS for breach of contract. (Doc. 1.) Plaintiff alleges that he rented and paid for P.O. Box 11122 at the Mission Post Office in Tucson, Arizona. (*Id.* ¶ 5.) Plaintiff maintained the account through multiple rental payments and renewals between August 2024 and July 2025. (*Id.* ¶ 6.) Despite accepting Plaintiff's

payments, USPS allegedly treated the active P.O. Box as vacant and returned incoming correspondence bearing a "Vacant" designation. (*Id.* ¶¶ 8–9.)

Plaintiff alleges that he repeatedly notified USPS personnel of the problem and attempted to obtain a correction, including through multiple trips to the Mission Post Office, but USPS failed to resolve the issue. (*Id.* ¶¶ 10–12.) Plaintiff ultimately closed the P.O. Box and submitted a written claim demanding a refund of the rental fees paid for services not provided. (*Id.* ¶¶ 13–14.)

Plaintiff asserts one claim for breach of contract, alleging that USPS failed to provide the P.O. Box rental services for which he paid. (*Id.* ¶¶ 16–21.) He seeks compensatory damages, including reimbursement of rental fees and out-of-pocket expenses incurred attempting to resolve the problem. (*Id.* at 4.)

**B. Discussion**

The Court first considers whether it has subject matter jurisdiction over Plaintiff's claim against USPS. Under the Postal Reorganization Act, USPS has the authority to "sue and be sued in its official name." 39 U.S.C. § 401(1). The Act further provides that, subject to statutory exceptions, federal district courts have original jurisdiction over actions brought against USPS. 39 U.S.C. § 409(a). The Ninth Circuit has recognized that the Postal Reorganization Act waives USPS's sovereign immunity from breach of contract claims based on its contractual obligations. *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816–20 (9th Cir. 2008). Accordingly, the Court has subject matter jurisdiction over Plaintiff's breach of contract claim, and sovereign immunity does not bar the action.

To state a claim for breach of contract, a plaintiff must allege the existence of a contract, breach of that contract, and resulting damages. *See First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 353 ¶ 22 (2016). In *MB Financial Group*, the plaintiff alleged that USPS failed to make available a P.O. Box for which it had paid rental fees. *MB Fin. Grp.*, 545 F.3d at 815. The district court dismissed the complaint, concluding that the claims were barred by the Federal Tort Claims Act's exception for claims arising from the loss, miscarriage, or negligent transmission of mail under 28 U.S.C. § 2680(b). *Id.* at 815–

16. The Ninth Circuit reversed, concluding that the alleged negligence arose from USPS's handling of the plaintiff's rental payments rather than the transmission of mail. *Id.* at 818–19. The court also held that the plaintiff had alleged a facially viable breach of contract claim based on USPS's alleged failure to provide the agreed upon P.O. Box rental services. *Id.* at 819–20.

Here, Plaintiff alleges that he entered into an agreement with USPS to rent a P.O. Box and maintained the required rental payments. (Doc. 1 ¶¶ 5–6, 17–19.) Plaintiff further alleges that USPS breached the agreement by repeatedly treating his fully paid P.O. Box as vacant and failing to correct the account status despite repeated notice. (*Id.* ¶¶ 8–12, 20.) Finally, Plaintiff alleges that he suffered financial losses, including rental fees paid for services not provided and expenses incurred attempting to obtain performance under the agreement. (*Id.* ¶¶ 15, 21.)

Accepting these allegations as true and construing the Complaint liberally, Plaintiff has plausibly alleged the existence of a contract, breach, and resulting damages. Although the precise terms of the rental agreement and the extent of USPS's contractual obligations remain to be determined, Plaintiff is not required to prove his allegations at this stage. Accordingly, the Court finds that Plaintiff's Complaint states a plausible breach of contract claim and is not subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court will direct service upon Defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a summons as to Defendant United States Postal Service. The United States Marshal shall serve the Summons, Complaint (Doc. 1), and this Order upon Defendant United States Postal Service in accordance with Rule 4(i)(2) of the Federal Rules of Civil Procedure. The United States Marshal shall also serve the United States Attorney for the District of Arizona pursuant to Rule 4(i)(1)(A) and the Attorney General of the United States pursuant to Rule 4(i)(1)(B).

**IT IS FURTHER ORDERED** that Defendant shall answer or otherwise respond to the Complaint within **sixty (60) days** after service on the United States Attorney. Fed. R. Civ. P. 12(a)(2).

Dated this 12th day of October, 2026.

Jennifer G. Zipps
Chief United States District Judge